UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK TRUST NATIONAL
ASSOCIATION, AS TRUSTEE OF TIKI
SERIES V TRUST,

*Plaintiff*,

– against –

ALFONSO AMELIO; CARMINE AMELIO;
PAUL AMELIO; DEBORAH J. PIAZZA, AS
CHAPTER 7 TRUSTEE OF UNITED
STATES      BANKRUPTCY      COURT;
ROBERTA PERRY S/H/A JANE DOE #1,

*Defendants*.

ORDER

25-CV-10739 (KMK)

KENNETH M. KARAS, United States District Judge:

Defendants Carmine Amelio ("Carmine"), Alfonso Amelio ("Alfonso"), and Paul Amelio
("Paul") (collectively the "Amelio Defendants"), appearing pro se, removed the above-captioned
Action from New York Supreme Court, County of Orange, to this Court on December 23, 2025.
(*See* Not. of Removal (Dkt No. 1).)[1]  They subsequently moved for a temporary restraining order
("TRO") and preliminary injunction against Plaintiff U.S. Bank Trust National Association and
its counsel enjoining all further proceedings in the underlying state court case.  (*See* Defs.'
Emergency Mot. (Dkt. No. 4).)

In support of such a motion, a plaintiff must offer "specific facts" which "clearly show
that immediate and irreparable injury, loss, or damage will result to the movant before the

---

[1] The Court notes that although the removal notice and emergency motion purport to
be brought by the Amelio Defendants together, they are only signed by Carmine.  (*See* Defs.'
Emergency Mot. 5; Not. of Removal 7.)  However, each pro se party must sign legal filings on
behalf of himself because a pro se litigant cannot represent anyone else's interests.  *See
Mongiello v. Indymac Bank, F.S.B.*, No. 24-CV-2290, 2025 WL 2959016, at *2 (S.D.N.Y. Oct.
17, 2025) (collecting cases).

adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1) (emphasis added); *see also*

*New York ex rel. Schneideman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) ("A party

seeking a preliminary injunction must ordinarily establish (1) 'irreparable harm'; (2) 'either (a) a

likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its

claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly

in favor of the moving party'; [(3)] that the balance of hardships tips in its favor; and ([4]) 'that a

preliminary injunction is in the public interest." (internal citation omitted));  *Free Country Ltd. v.

Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) ("The standard for an entry of a TRO is

essentially the same as for a preliminary injunction.").  However, before reaching the merits of a

motion, the Court has an independent obligation to assure itself that it has proper jurisdiction to

decide the matter.  *College Standard Magazine v. Student Ass'n of State Univ. of N.Y.*, 610 F.3d

33, 35 (2d Cir. 2010) (per curiam) (citing *Local No. 8–6, Oil, Chem. & Atomic Workers Int'l

Union, AFL–CIO v. Missouri*, 361 U.S. 367 (1960)).

      The Amelio Defendants have twice attempted to remove substantially similar actions

from New York Supreme Court, both of which have been remanded for defective removal and

lack of subject matter jurisdiction.  (*See* Order (Dkt. No. 7, 24-CV-5615 Dkt.) (remanding for

failure to provide written consent to removal from the other Defendants); Order (Dkt. No. 4, 25-

CV-10022 Dkt.) (remanding for failure to provide written consent to removal from other

Defendants and lack of jurisdiction).)

      Here, the same issues persist.  There is no indication that Defendants Deborah J. Piazza

or Roberta Perry consented to the removal as required by 28 U.S.C. § 1446(b)(2)(A).  (*See* Not.

of Removal at 1 (asserting that "Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio

. . . hereby remove this action . . . .").  Thus, it appears that removal here is defective.  *See Allen*

*v. Patki*, 207 F. Supp. 2d 126, 127 (S.D.N.Y. 2002) (finding removal defective because not all defendants consented to it and remanding the action to state court).

Further, "[a] defendant in a state court action may remove a matter to federal district court only if the district court has original jurisdiction over the action." *ACS v. Malek*, No. 20-CV-7623, 2020 WL 6748476, at *3 (S.D.N.Y. Oct. 7, 2020) (citing 28 U.S.C. §1441(a)). It appears that this Court lacks diversity jurisdiction because an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, the Notice of Removal expressly states that Defendants Carmine Amelio, Alfonso Amelio, Paul Amelio, Roberta Perry, and Deborah J. Piazza are citizens of New York, (*see* Not. of Removal 2), and this Action originated in New York state court.

Absent diversity of citizenship, federal question for removal "exists only when a federal question is presented on the face of the plaintiff's properly plead complaint." *Catepillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although this removal purports to be "based solely on federal question jurisdiction," (Not. of Removal 1), Defendants have failed to attach the underlying state court complaint, so the Court is unable to determine if federal question jurisdiction exists in the underlying action. Regardless, Defendants assert federal question jurisdiction on the basis of "due process deprivations, civil rights violations, and fraud implicating federal oversight[,]" (*id.* 4), but a defendant cannot establish federal question jurisdiction simply by alleging that a state court has violated his federal civil rights. *See ACS*, 2020 WL 6748476, at *3 (remanding to state court because the defendant's "broad conclusory allegations . . . that his federal constitutional rights are being violated are insufficient to demonstrate the existence of a federal question . . . ."); *Grohs v. Grohs*, No. 17-CV-1605, 2017 WL 5171845, at *3 (D. Conn. Nov. 8,

2017) ("Ms. Grohs cannot remove a [state court action] to [federal] court simply by alleging that the state court has violated her federal civil rights.").

Accordingly, it is hereby ORDERED that the Amelio Defendants show cause, by no later than January 16, 2026, as to why their case should not be remanded to state court for defective removal and lack of subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that 28 U.S.C. § 1447(c) authorizes remand for either procedural defect asserted within 30 days of the filing of notice of removal or lack of subject matter jurisdiction).

Additionally, the Amelio Defendants' request for a TRO is denied with leave to refile once they have shown this Court has proper subject matter jurisdiction over this Action. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 4.

SO ORDERED.

Dated:     January 8, 2026
            White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

4