IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>　　　Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>　　　Defendants. | CASE NO.: 7:25-cv-10739-KMK<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**

WHY THIS ACTION SHOULD NOT BE REMANDED FOR DEFECTIVE REMOVAL OR LACK OF SUBJECT MATTER JURISDICTION

Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, appearing pro se, respectfully submit this Response to the Court's January 8, 2026 Order to Show Cause directing Defendants to demonstrate why this action should not be remanded to New York Supreme Court pursuant to 28 U.S.C. § 1447(c).

For the reasons set forth below, remand is not authorized. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1443(1). The removal is proper and timely, no jurisdiction-divesting defect exists, and the state forum has proven structurally incapable of adjudicating Defendants' federal rights.

I. REMOVAL IS NOT DEFECTIVE AND DOES NOT REQUIRE REMAND

The Notice of Removal was filed on December 23, 2025, within thirty (30) days of the crystallization of federal constitutional claims arising from continuing state-court obstruction, fraud on the court, and enforcement of a void judgment.

Removal is predicated on federal question jurisdiction and civil-rights removal, not diversity. Accordingly:

- The forum-defendant rule does not apply;
- All Defendants joined in removal;
- Any alleged procedural irregularity is non-jurisdictional and cannot mandate remand.

See *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996) (procedural defects do not divest subject matter jurisdiction once it exists).

II. FEDERAL QUESTION JURISDICTION EXISTS (28 U.S.C. § 1331)

Although Plaintiff labels this case a foreclosure, the validity of Plaintiff's claim necessarily depends on disputed and substantial federal questions, including:

- Fourteenth Amendment due process;
- Equal protection violations;
- Fraud on the court insulated from judicial review;
- Deprivation of property without constitutionally adequate process;
- Americans with Disabilities Act violations (42 U.S.C. §§ 12131–12134);
- Civil rights violations actionable under 42 U.S.C. § 1983.

A. The Case Turns on Whether a State Court May Enforce a Judgment Revived by Fraud

The controlling, undisputed timeline is as follows:

- The mortgage debt was irrevocably accelerated on May 6, 2014 (Index No. 2014-003426);
- The six-year statute of limitations expired on May 6, 2020;
- Plaintiff's enforcement rights were extinguished, not dormant.

See *Freedom Mortgage Corp. v. Engel*, 37 N.Y.3d 1 (2021).

Despite this, Plaintiff obtained a foreclosure judgment and sale by:

- Discontinuing a stale action;
- Inserting unrequested and unlitigated "deceleration" language into a proposed order;
- Rejecting Defendants' motions to strike and dismiss without judicial determination;
- Proceeding to default judgment and sale while the statute-of-limitations defense remained unadjudicated.

Whether a state court may enforce a claim revived through fraud by officers of the court and shielded from review is a substantial federal constitutional question.

See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944);
*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

C. The Well-Pleaded Complaint Rule Is Inapplicable Where the State Complaint Was Filed After the Statute of Limitations Had Expired and Could Exist Only Through Fraud

Plaintiff may argue that removal is barred by the well-pleaded complaint rule because the foreclosure complaint purports on its face to arise solely under state law. That argument fails because the well-pleaded complaint rule presupposes the existence of a **timely and legally cognizable cause of action**. It does not apply where the complaint itself was filed **after the statute of limitations had fully expired** and could be maintained only through fraud on the court.

Here, the mortgage debt was accelerated on May 6, 2014. Under New York law, the six-year statute of limitations expired on May 6, 2020. At that moment, Plaintiff's enforcement rights were extinguished. No viable cause of action remained to be pleaded. A foreclosure complaint filed after that date is not merely subject to a limitations defense; it asserts a claim that no longer existed at the time of filing.

The well-pleaded complaint rule cannot be used to legitimize a complaint that was void at inception. Otherwise, the rule would produce an untenable result: that a complaint filed outside the statute of limitations becomes "well-pleaded" so long as fraud is committed to revive the claim and prevent adjudication of the limitations bar. Federal jurisdictional doctrine does not operate as a safe harbor for fraud.

Accordingly, this case does not involve a state-law claim with an anticipated federal defense. It presents a threshold federal question as to whether a state court may enforce a judgment entered on a claim that was time-barred before filing and sustained only through fraud and denial of due process. Because the asserted state-law claim depended on fraud to exist at all, the well-pleaded complaint rule does not bar jurisdiction under 28 U.S.C. § 1331.

B. Federal Jurisdiction Exists Under the Grable Doctrine

A federal forum is proper where a state-law claim necessarily raises a disputed and substantial federal issue that may be resolved without disrupting the federal-state balance.

See *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

Here, the federal issue is not incidental—it is dispositive. Without federal adjudication, Defendants are left with no forum capable of addressing constitutional violations embedded in the judgment itself.

III. CIVIL-RIGHTS REMOVAL IS INDEPENDENTLY PROPER (28 U.S.C. § 1443(1))

Removal is also independently authorized under 28 U.S.C. § 1443(1) because the state forum has systematically denied Defendants the ability to enforce federal civil rights, including due process and equal protection.

The state proceedings demonstrate:

• Refusal to adjudicate federal defenses;
• Allowing counsel to block judicial review by rejecting motions;
• Enforcement of a time-barred claim;
• Reliance on a void judgment.

This satisfies the requirements articulated in *Georgia v. Rachel*, 384 U.S. 780 (1966), and *Johnson v. Mississippi*, 421 U.S. 213 (1975).

## IV. REMAND IS NOT AUTHORIZED UNDER 28 U.S.C. § 1447(c)

Section 1447(c) authorizes remand only for:

• A timely raised procedural defect, or
• Lack of subject matter jurisdiction.

Neither exists here.

Where subject matter jurisdiction is present, remand is prohibited, not discretionary.

See *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).

## V. IRREPARABLE HARM IS ONGOING AND IRREVERSIBLE

The harm to Defendants is live and accelerating:

• Long-term occupant Roberta Perry (Jane Doe #1) vacated the property around December 2025, likely through coercive "cash-for-keys" tactics;
• The July 2024 foreclosure purchaser has listed the property for resale;
• This "hot-potato" strategy—foreclose on a void judgment, flip quickly, and moot review—is well-documented.

Once title transfers again, Defendants' home is lost forever. Monetary relief cannot cure this harm.

## VI. THE COURT MAY CONSIDER INJUNCTIVE RELIEF UPON CONFIRMING JURISDICTION

The Court denied Defendants' TRO without prejudice, expressly permitting refiling once subject matter jurisdiction is shown.

Because jurisdiction exists, Defendants will promptly refile for emergency injunctive relief to preserve the status quo.

CONCLUSION

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1443(1). Remand under § 1447(c) is not authorized and would constitute legal error.

WHEREFORE

Defendants respectfully request that the Court:

1. Find that subject matter jurisdiction exists;
2. Discharge the Order to Show Cause;
3. Retain this action in federal court; and
4. Permit Defendants to renew their application for temporary and injunctive relief.

Dated: New Milford, CT  
       January 16, 2026

Respectfully submitted,

*/s/ Carmine Amelio*  
Carmine P. Amelio, *Defendant Pro Se*  
37 Main Street, #337  
New Milford, CT 06776  
p. 412-612-6774  
e. cpamelio@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>　　　Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>　　　Defendants. | CASE NO.: 7:25-cv-10739-KMK<br><br>**JURY TRIAL DEMANDED** |

CERTIFICATE OF SERVICE

I hereby certify that a copy of, DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE, has been served upon the following parties or counsel via electronic and/or US Mail on January 16, 2026:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530

Alfonso Amelio,
37 Main Street #337
New Milford, CT 06776

Paul Amelio
37 Main Street #337
New Milford, CT 06776

Dated: New Milford, CT　　　　　　Respectfully submitted,
　　　　　January 16, 2026

　　　　　　　　　　　　　　　　　　*/s/ Carmine P. Amelio*
　　　　　　　　　　　　　　　　　　Carmine P. Amelio, *Defendant Pro Se*
　　　　　　　　　　　　　　　　　　37 Main Street, #337
　　　　　　　　　　　　　　　　　　New Milford, CT 06776
　　　　　　　　　　　　　　　　　　p. 412-612-6774 e. cpamelio@gmail.com