FRIEDMAN VARTOLO

*A Limited Liability Partnership formed in the State of New York*

1325 Franklin Avenue, Suite 160, Garden City, NY 11530
T: (212) 471-5100 | F: (212) 471-5150
www.friedmanvartolo.com

February 11, 2026

***Via ECF***
Hon. Kenneth M. Karas
United States District Court, Southern District of New York

**RE: U.S. Bank Trust National Association, as trustee of Tiki Series V Trust v. Alfonso Amelio, Carmine Amelio, Paul Amelio, *et al*.**
**Case No.: 7:25-cv-10739-KMK**
**File No.: 220710**

Your Honor:

This firm represents the Plaintiff in the above referenced mortgage foreclosure action. We are writing in opposition to Defendants' Renewed Emergency Motion for a Temporary Restraining Order and Request for Immediate Administrative Stay (Docket No. 13). Defendants' request for an administrative stay should be denied because Defendants have not demonstrated an irreparable injury and their requested relief will not prevent the marketing or sale of the property.

Defendants allege that new facts have arisen, specifically that the property has been listed for sale, that have made a TRO and temporary administrative stay pending a decision on Defendants' motion necessary. Defendants request a temporary administrative stay restraining Plaintiff, its agents, attorneys, servicers, brokers and assigns from selling, transferring, conveying, or encumbering the subject property and marketing, listing, advertising, soliciting offers for, or otherwise attempting to sell or transfer the property. Defendants claim that without a temporary administrative stay the property may be conveyed to a third party depriving Defendants of their property while the Court is reviewing whether it has jurisdiction over this action. Defendants' claims are utterly without merit as they will not suffer irreparable injury if the property is sold, and the relief requested by Defendants will not be effective to prevent the property from being marketed or sold.

On July 22, 20204, the property was sold at a foreclosure auction to Brookview Holdings, LLC, and on December 19, 2024, title to the property was transferred to Brookview Holdings, LLC by Referee's Deed. A copy of the Referee's Deed is annexed hereto as **Exhibit A**. Accordingly, Defendants no longer own the property and will not suffer an injury if the property is sold. Furthermore, Defendants seek to restrain Plaintiff from marketing or selling the property but Plaintiff does not own the property and therefore cannot sell or market the property. The property is owned by Brookview Holdings, LLC who is not a party to this action. Accordingly, the

FRIEDMAN VARTOLO

A Limited Liability Partnership formed in the State of New York

1325 Franklin Avenue, Suite 160, Garden City, NY 11530
T: (212) 471-5100 | F: (212) 471-5150
www.friedmanvartolo.com

administrative stay sought by Defendants will not prevent Brookview Holdings, LLC from marketing or selling the property. Accordingly, there is absolutely no merit to Defendants' request for a temporary administrative stay.

Defendants also have not demonstrated any likelihood of success on the merits. Defendants first request for a temporary restraining order was denied without prejudice to renew once they have shown the Court has proper subject matter jurisdiction over this Action. Defendants have not done so. As detailed in Plaintiff's letter in support of remand (Docket No. 8), the Court lacks subject matter jurisdiction because a final judgment was entered and Defendants cannot in essence attempt to appeal the adverse decision of the state court by removing the action to federal court. *Four Keys Leasing & Maintenance Corp. v Simithis*, 849 F2d 770 (2d Cir 1988); . *Gadson v Riverbay Corp.*, 1:25-CV-5182 (LTS), 2025 WL 2452353 (SDNY Aug. 26, 2025); *Gadson*, 2025 WL 2452353; *MHM Sponsors Co. v Permanent Mission of Pakistan to United Nations*, 672 F Supp 752 (SDNY 1987); *In re 73rd Precinct Sta. House in Borough of Brooklyn, City of New York*, 329 F Supp 1175 (EDNY 1971). Furthermore, the Court lacks federal question jurisdiction because a foreclosure action is a state law claim that does not present a federal question. *MB Fin. Bank, N.A. v 56 Walker, LLC*, 11 CIV. 5538 JGK, 2011 WL 6338808 (SDNY Dec. 19, 2011). Defendants defenses, counterclaims, and claims that the state court's denial of their motions do not provide grounds for removal. *Caterpillar Inc. v Williams*, 482 US 386, 107 S Ct 2425, 96 L Ed 2d 318 (1987); *Town of Southold v Go Green Sanitation, Inc.*, 949 F Supp 2d 365 (EDNY 2013).

Accordingly, Defendants have not demonstrated that the Court has subject matter jurisdiction and their request for a temporary administrative stay must be denied.

We thank the Court for Your Honor's time and consideration herein. Should you have any questions, please do not hesitate to contact the undersigned.

Respectfully submitted,

*/s Sean K. Monahan*

Sean K. Monahan, Esq.

Cc:

Carmine P. Amelio
32 Main Street
New Milford, CT 06776

Paul Amelio
37 Main Street #337
New Milford CT 06776

Alfonso Amelio
160 East 89th Street, Apt 4F
New York, NY 10128