**MEMO ENDORSED**

Carmine P. Amelio
Paul Amelio
Alfonso Amelio
*Defendants Pro Se*
37 Main Street #337
New Milford, CT 06776
Ph: 412-612-6774
Email: cpamelio@gmail.com

January 27, 2026

Via ECF
Honorable Kenneth M. Karas
United States District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Clerk of Court U.S. District Court for the Southern District of New York

Re:   **U.S. Bank Trust National Association v. Amelio et al. Case No.: 25-cv-10739 (KMK)**

**DEFENDANTS' LETTER IN RESPONSE TO PLAINTIFF'S JANUARY 21, 2026 LETTER SUPPORTING REMAND**

Dear Hon. Karas,

Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, appearing pro se, respectfully submit this letter **solely in response to Plaintiff's January 21, 2026 letter**, which was filed **after** Defendants' January 16, 2026 Response to the Court's Order to Show Cause. This letter is submitted for the limited purpose of correcting material omissions and inaccuracies in Plaintiff's submission and to ensure the Court has an accurate procedural and factual record.

Plaintiff's letter is without merit, convolutes the procedural history, omits the time-bar and fraud, and ignores the federal questions raised in Defendants' **Notice of Removal filed December 23, 2025 (Doc. 1)** and their **Response to the Order to Show Cause filed January 16, 2026**, which fully set forth the jurisdictional, statutory, and constitutional bases for removal. Defendants do not seek to expand briefing, but must address Plaintiff's post-OSC assertions. Remand would be error; jurisdiction exists, and the state judgment is void.

A. PLAINTIFF'S "BACKGROUND" OMITS DISPOSITIVE AND UNDISPUTED FACTS

Plaintiff's January 21 letter presents a selective narrative that omits facts central to the jurisdictional analysis.

1. **The foreclosure action is time-barred as a matter of law**
   The mortgage debt at issue was accelerated on **May 6, 2014** in a prior foreclosure action (Index No. 2014-003426). Under CPLR § 213(4), the six-year statute of limitations expired on **May 6, 2020**, extinguishing Plaintiff's enforcement rights. *See* **Freedom Mortgage Corp. v. Engel**, 37 N.Y.3d 1 (2021). Plaintiff's January 21 letter does not disclose this acceleration or the expiration of the limitations period, despite Defendants' detailed discussion of this issue in **Removal Notice ¶¶ 4–6** and **OSC Response ¶ 3**.

2. **The 2021 action was filed during an automatic bankruptcy stay**
   Plaintiff omits that it commenced a foreclosure action in **2021** (Index No. EF000106-2021) while Defendant Alfonso Amelio was protected by an automatic bankruptcy stay (Bankruptcy Case No. 20-23552). Actions taken in violation of 11 U.S.C. § 362(a) are void ab initio. Defendants raised the time-bar and fraud in an Amended Verified Answer filed December 9, 2021. *See* **Removal Notice ¶ 7**.

3. **Fraudulent deceleration language was inserted into a discontinuance order**
   Plaintiff further omits that, in connection with discontinuing the 2021 action, deceleration language was inserted into an August 29, 2022 order **without request, notice, motion practice, or adjudication**. Defendants allege this constituted fraud on the court under **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238 (1944). This conduct is detailed in **Removal Notice ¶ 8** and **OSC Response ¶ 3**.

4. **Defendants' dispositive motions were never adjudicated**
   On **January 30, 2023**, Defendants filed motions to vacate the fraudulent deceleration (2021 action) and to dismiss the 2022 action as time-barred. Those motions were **never decided on the merits**. As set forth in **Removal Notice ¶ 9** and **OSC Response ¶ 3**, Defendants allege that opposing counsel rejected the filings without judicial determination, preventing adjudication of the statute-of-limitations defense and fraud.

5. **Orders and sale relied upon by Plaintiff are void**
   Plaintiff relies on a December 18, 2023 Order of Reference, a May 7, 2024 Judgment of Foreclosure and Sale, and a July 22, 2024 foreclosure sale, while omitting Defendants' contention that each flowed from a time-barred and fraudulently revived claim. Plaintiff further omits that the July 22, 2024 sale occurred while removal jurisdiction issues were pending. These issues are addressed in **Removal Notice ¶¶ 9–10** and **OSC Response ¶ 6**.

6. **Prior remands did not adjudicate fraud or federal questions**
   Plaintiff characterizes prior remands (August 22, 2024 and December 5, 2025) as dispositive. Those remands did not address the statute of limitations, the bankruptcy stay, the alleged fraud on the court, or Defendants' inability to obtain adjudication of federal defenses. A judgment procured through fraud and time-barred claims is not final for jurisdictional purposes. *See* **Archibald v. Wells Fargo Bank, N.A.**, 166 A.D.3d 573 (2d Dep't 2018). These issues are discussed in **Removal Notice ¶ 11** and **OSC Response ¶ 3**.

B. PLAINTIFF'S LEGAL ARGUMENTS DO NOT COMPEL REMAND

Plaintiff's January 21 letter raises several legal arguments that are addressed in Defendants' prior filings and are briefly clarified here.

1. **Timeliness of removal**
   Plaintiff's timeliness argument is baseless. Removal is timely under 28 U.S.C. § 1446(b)(3) because new grounds (ongoing fraud, state complicity) arose after prior remands, including continuing enforcement of an allegedly void judgment and post-removal conduct. Successive removals are permitted where new facts arise. *See* **In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.**, 510 F. Supp. 2d 299 (S.D.N.Y. 2007). *See* **OSC Response ¶ 1**.
2. **Federal question and civil-rights jurisdiction**
   Defendants' removal is not based on defenses alone, but on whether a state court may enforce a judgment arising from a time-barred, fraudulently revived claim without adjudicating federal constitutional defenses. That question presents substantial federal issues under **28 U.S.C. § 1331** and independently supports removal under **§ 1443(1)** where Defendants allege an inability to enforce federal rights in the state forum. *See* **Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.**, 545 U.S. 308 (2005); **Georgia v. Rachel**, 384 U.S. 780 (1966); **Johnson v. Mississippi**, 421 U.S. 213 (1975). *See* **Removal Notice ¶¶ 2–3; OSC Response ¶ 4**.
3. **Finality and post-judgment intervention**
   The state "judgment" is not final — it is void for fraud/time-bar. Plaintiff's reliance on cases addressing valid final judgments is misplaced where the judgment itself is alleged to be void. Federal courts may intervene to protect federal rights notwithstanding state proceedings. *See* **Mitchum v. Foster**, 407 U.S. 225 (1972). Plaintiff's cited cases involve judgments not alleged to be procured through fraud or time-barred claims. *See* **Removal Notice ¶ 9; OSC Response ¶ 3**.
4. Prior remands do not preclude this removal; new violations (tenant eviction, resale listing despite removal) create new grounds (§ 1443(1)). Rebutted in OSC Response ¶ 5.
5. **Fees and filing injunction**
   Plaintiff's request for fees and an injunction barring future removals is unsupported where Defendants have articulated colorable jurisdictional grounds and where new facts post-date prior remands. Defendants' filings have been directed to preserving federal rights, not harassment.

## CONCLUSION

Defendants submit this letter solely to correct the record in response to Plaintiff's January 21, 2026 letter. Remand would deny federal rights; jurisdiction exists. Defendants respectfully rely on their **Notice of Removal (Dec. 23, 2025)** and **Response to the Order to Show Cause (Jan. 16, 2026)** for full legal argument and jurisdictional analysis. Remand would deny federal rights; jurisdiction exists.

Plaintiff is to respond to this submission by 2/17/26.

So Ordered.
*[signature]*
2/10/26

Respectfully submitted,
*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*

*/s/ Paul* Amelio
Paul Amelio

*/s/ Alfonso Amelio*
Alfonso Amelio

CC:
Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530