**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>          Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>          Defendants. | CASE NO.: 7:25-cv-10739-KMK<br><br>**JURY TRIAL DEMANDED** |

Denied.  The TRO falters because there are serious questions about this Court's jurisdiction based on the absence of any federal question and on the doubts about the propriety of the removal of this case from state court, as explained in Plaintiff's letter to the Court, dated January 21, 2026 (Doc. # 8).  Defendants' response to that letter borders on the frivolous.  Thus, Defendants have failed to establish they are likely to succeed on the merits or that there are serious questions going to the merits.  The Clerk is respectfully directed to mail this document to Defendants.

So Ordered.

*[signature]*                    2/10/26

**EMERGENCY RENEWED EMERGENCY MOTION FOR TEMPORARY
RESTRAINING ORDER AND REQUEST FOR IMMEDIATE ADMINISTRATIVE
STAY, New Post-Submission Facts**
*(Filed Pursuant to the Court's January 8, 2026 Order)*

Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, appearing pro se, respectfully submit this **Renewed Emergency Motion for Temporary Restraining Order and Request for Immediate Administrative Stay**, strictly pursuant to and in compliance with the Court's January 8, 2026 Order (Dkt. 6), which denied Defendants' prior TRO **with leave to refile once Defendants have shown this Court has proper subject matter jurisdiction**.

This renewed motion is based on **new, post-submission facts** that arose after Defendants' prior filings and seeks **only limited interim relief to preserve the status quo** and prevent mootness pending the Court's jurisdictional determination.

I. PROCEDURAL POSTURE

1. On January 8, 2026, the Court denied Defendants' initial request for a Temporary Restraining Order without prejudice, expressly granting leave to refile once subject matter jurisdiction is shown.

2. On January 16, 2026, Defendants timely filed their **Response to the Court's Order to Show Cause**, setting forth the bases for federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1443(1).

3. After Defendants' January 7–8, 2026 submissions and after the filing of their OSC response, Defendants became aware of **new post-removal conduct** materially altering the status quo and creating an imminent risk of irreparable harm.

## II. NEW POST-SUBMISSION FACTS: ACTIVE LISTING AND MARKETING FOR SALE

4. At the time Defendants filed their January 7–8, 2026 TRO papers, Defendants were aware that the occupant, Roberta Perry, had been forced to vacate the property due to enforcement pressure and uncertainty.

5. Defendants were **not aware at that time** that the subject property had been **listed for sale or actively marketed**.

6. Defendants have now learned that the property is **publicly listed and being marketed for sale**, See Exhibit A, creating an imminent risk that the property may be sold or transferred to a third party during the pendency of this Court's jurisdictional review.

7. A sale or transfer at this stage would:
   o   irreversibly alter title,
   o   risk mooting this Court's jurisdictional determination, and
   o   permanently deprive Defendants of meaningful federal review.

## III. AUTHORITY TO PRESERVE THE STATUS QUO PENDING JURISDICTION

8. Federal courts possess inherent authority to issue **temporary interim relief to preserve the status quo while determining jurisdiction**, where necessary to protect their ability to render a meaningful decision.

9. The Supreme Court has recognized that courts may issue interim orders to prevent irreparable harm even where jurisdiction is disputed.
   *United States v. United Mine Workers*, 330 U.S. 258, 290–91 (1947).

10. The Supreme Court has further held that interim injunctive relief is appropriate where failure to act would render the court's eventual jurisdiction ineffective. *FTC v. Dean Foods Co.*, 384 U.S. 597, 603–05 (1966).

11. The Second Circuit likewise recognizes the propriety of maintaining the status quo to prevent irreparable harm pending judicial determination. *LaRouche v. Kezer*, 20 F.3d 68, 74 (2d Cir. 1994).

12. Defendants do **not** seek a ruling on the merits and do **not** ask the Court to prejudge jurisdiction. Defendants seek only temporary relief necessary to ensure that jurisdictional review is not rendered academic by irreversible acts.

## IV. IRREPARABLE HARM AND BALANCE OF EQUITIES

13. Once the property is sold or conveyed to a third party, Defendants' home may be irretrievably lost, and this Court's jurisdictional determination would be effectively mooted.

14. Plaintiff suffers no cognizable prejudice from a short pause on sale or marketing, whereas Defendants face permanent and irreparable harm absent relief.

15. The public interest favors preserving the status quo where serious jurisdictional and constitutional questions remain pending before a federal court.

## V. RELIEF REQUESTED

**WHEREFORE**, Defendants respectfully request that the Court:

1. **Immediately issue a temporary administrative stay**, effective upon entry of the Court's order, restraining Plaintiff, its agents, attorneys, servicers, brokers, and assigns from:
   - selling, transferring, conveying, or encumbering the subject property; and
   - **marketing, listing, advertising, soliciting offers for, or otherwise attempting to sell or transfer the property**,

**solely for the purpose of preserving the status quo pending the Court's determination of subject matter jurisdiction**;

2. **Upon a determination that subject matter jurisdiction exists**, convert the administrative stay into a Temporary Restraining Order to remain in effect pending further order of the Court; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: August 2, 2024          */s/ Carmine P. Amelio*
      New Milford, CT         Carmine P. Amelio, *Defendant Pro Se*
                   37 Main Street, #337, New Milford, CT 06776

                   */s/ Paul Amelio*
                   Paul Amelio, *Defendant Pro Se*

                   */s/ Alfonso Amelio*
                   Alfonso Amelio, *Defendant Pro Se*

## DECLARATION OF CARMINE AMELIO IN SUPPORT OF RENEWED EMERGENCY MOTION

I, Carmine Amelio, declare as follows:

1. I am a Defendant in this action and submit this declaration in support of Defendants' Renewed Emergency Motion for Temporary Restraining Order and Request for Immediate Administrative Stay.

2. On January 7 and January 8, 2026, I filed papers requesting temporary injunctive relief, including a Temporary Restraining Order. At that time, I was aware that the occupant of the subject property, Roberta Perry, had vacated the premises due to enforcement pressure and uncertainty.

3. At the time of those filings, I was **not aware** that the subject property had been listed for sale or was being actively marketed.

4. After those filings and after Defendants submitted their Response to the Court's Order to Show Cause, I learned that the subject property is now **publicly listed and being marketed for sale**. See Exhibit A.

5. I make this declaration to inform the Court of this **new, post-submission fact**, which materially increases the risk of irreparable harm and the possibility that the property may be sold or transferred before the Court completes its jurisdictional review.

6. If the property is sold or transferred to a third party during the pendency of this action, Defendants' home may be irretrievably lost, and this Court's ability to provide meaningful jurisdictional review may be compromised.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on February 10, 2026

New Milford, CT                                  Respectfully submitted,

                                                 */s/ Carmine Amelio*
                                                 Carmine P. Amelio, *Defendant Pro Se*
                                                 37 Main Street, #337
                                                 New Milford, CT 06776
                                                 p. 412-612-6774
                                                 e. cpamelio@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF TIKI SERIES V TRUST<br>　　　Plaintiff,<br><br>-against-<br><br>ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1,<br><br>　　　Defendants. | CASE NO.: 7:25-cv-10739-KMK<br><br><br>**JURY TRIAL DEMANDED** |

CERTIFICATE OF SERVICE

I hereby certify that a copy of, DEFENDANTS' RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR IMMEDIATE ADMINISTRATIVE STAY, New Post-Submission Facts *(Filed Pursuant to the Court's January 8, 2026 Order)*, has been served upon the following parties or counsel via electronic and/or US Mail on February 10, 2026:

Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530


Dated: New Milford, CT
　　　February 10, 2026

Respectfully submitted,

*/s/ Carmine P. Amelio*
Carmine P. Amelio, *Defendant Pro Se*
37 Main Street, #337
New Milford, CT 06776
p. 412-612-6774 e. cpamelio@gmail.com

# EXHIBIT A

# HOWARD HANNA
## REAL ESTATE SERVICES

Middletown, NY 10940

**$269,000**
EST. MORTGAGE: **$1,702/mo**
Get Pre-Qualified

⌛ PENDING





| **2**<br>BEDS | **1**<br>FULL BATH | **1**<br>PARTIAL BATH | **960**<br>SQ.FT. |
|:---:|:---:|:---:|:---:|

SINGLE FAMILY HOME

| Call Us |
|:---:|
| Contact Us |

Middletown! Vintage Colonial set mid-block among similar homes. The main level features a spacious living room, dining room, kitchen, and half bath. The second level offers two bedrooms and a full bath. Spacious rooms throughout with hardwood floors and a good-sized kitchen. Ideal opportunity for a first-time buyer or investor, with low taxes. Conveniently located close to shopping and major highways.

❤ SAVE          ✉ CONTACT          ↪ SHARE

# HOWARD HANNA
### REAL ESTATE SERVICES



| | |
|---|---|
| **Enlarged City School District of Middletown**<br>SCHOOL DISTRICT | **Colonial**<br>ARCHITECTURE |
| **$3,833.75**<br>TAXES | **1890**<br>BUILT |
| **949982**<br>MLS# | |

**INTERIOR FEATURES**

Gas oven

Dishwasher

Refrigerator

Baseboard heat

No cooling

Wood floors

Unfinished basement

**EXTERIOR FEATURES**

Elementary school: Maple Hill Elementary School

Middle school: Monhagen Middle School

High school: Middletown High School

Frame exterior

Fenced yard

Lot acreage is: 0.0964

Fenced lot

Level lot

Lot sqft: 4200

Public sewer

Public water

Natural gas

Total square feet: 960

Living square feet: 960

Property style: colonial

For sale

Tax year: 2025

**ROOM DIMENSIONS**

Laundry room

Bedroom 1 Level: Second

Bedroom 2 Level: Second

♥ SAVE          ✉ CONTACT          ⬆ SHARE

Case 7:25-cv-10739-KMK    Document 16    Filed 02/10/26    Page 10 of 12

# HOWARD HANNA
### REAL ESTATE SERVICES

Living Room Level: First

Laundry Room Level: First

Number of rooms: 5

**One Key**

Courtesy of:
Q Home Sales
845-357-4663

Call (855) 464-2662
855-GO-HANNA
We are standing by to assist you.
or

REQUEST SHOWING     REQUEST INFO

## Hanna Community View

What It's Like to Live Near Here

Explore Living in Middletown, NY

## Nearby Schools

| NAME | TYPE | SchoolDigger RATING | DISTANCE |
|---|---|---|---|
| Maple Hill Elementary School | Primary / Elementary / Public | ★★★★★ | 1.92 mi. |
| Middletown Twin Towers Middle School | Middle / Secondary / Public | ★★★★★ | 0.73 mi. |
| Middletown High School | High / Secondary / Public | ★★★★★ | 1.12 mi. |
| Presidential Park Elementary School * | Primary / Elementary / Public | ★★★★★ | 1.11 mi. |
| William A Carter School * | Primary / Elementary / Public | ★★★★★ | 1.19 mi. |
| Middletown Christian School–Sda * | Elementary / Private | N/A | 0.58 mi. |

❤ SAVE     ✉ CONTACT     ↱ SHARE

# HOWARD HANNA
### REAL ESTATE SERVICES

near

| | | Average sale price | $298,167 |
|---|---|---|---|
| LIST | MAP | | |
| **ADDRESS** | **DISTANCE** | **SALE DATE** | **SALE PRICE** |
| 29 Lafayette Avenue | 0.17 mi. | 8/22/2025 | $310,000 |
| 10 Myrtle Avenue | 0.17 mi. | 1/29/2026 | $315,000 |
| 25 Lafayette Avenue | 0.17 mi. | 10/30/2025 | $318,000 |
| 16 Myrtle Avenue | 0.19 mi. | 6/20/2025 | $300,000 |
| 17-1/2 Myrtle Avenue | 0.22 mi. | 6/20/2024 | $261,000 |
| 19 1/2 Myrtle Avenue | 0.23 mi. | 3/24/2023 | $285,000 |

## Middletown Real Estate Market in 10940

| 220 | $377,362 |
|---|---|
| PROPERTIES FOR SALE RIGHT NOW | AVERAGE SALE PRICE |

## Mortgage Help



Get pre-qualified for a mortgage now with 1st Priority Mortgage.

Mortgage information provided by:

Jennifer Studwell
Mortgage Consultant
📠 (845) 548-5259
NMLS# 1445610

### Mortgage Payment

The approximate monthly principal & interest payment for this property would be $1,701.90.

This payment is based on a 30-year loan at a fixed rate of 6.750 % – APR 7.010 % with a down payment of $13,450. Actual lender interest rates and loan programs may vary. Loans with lower down payments are available.

Use our Mortgage Payment Calculator to determine a more exact payment estimate.

, Middletown, NY 10940 is a 2 bedroom, 1.5 bath single family home offered for sale at $269,000.

Information Copyright © 2026, OneKeyMLS, All Rights Reserved.

♥ SAVE      ✉ CONTACT      ↰ SHARE

# HOWARD HANNA
### REAL ESTATE SERVICES

* indicates a school is in close proximity to this home, but this home is not guaranteed to fall within the school's attendance zone boundaries. Check with the applicable school district prior to making a decision based on these boundaries.

♥ SAVE          ✉ CONTACT          ↱ SHARE