Carmine P. Amelio
Paul Amelio
Alfonso Amelio
*Defendants Pro Se*
37 Main Street #337
New Milford, CT 06776
Ph: 412-612-6774
Email: cpamelio@gmail.com
February 24, 2026

Via Electronic/ Email
Honorable Kenneth M. Karas
United States District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Clerk of Court U.S. District Court for the Southern District of New York

Re:     **U.S. Bank Trust National Association v. Amelio et al. Case No.: 25-cv-10739 (KMK)**

**DEFENDANTS' LETTER REQUESTING LEAVE TO FILE LIMITED SUR-REPLY AND, IN THE ALTERNATIVE, NOTICE PRESERVING OBJECTIONS TO PLAINTIFF'S FEBRUARY 16, 2026 REPLY (DOC. 18)**

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Dear Judge Karas:

Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio, appearing pro se, respectfully submit this letter to request leave to file a limited sur-reply addressing discrete factual misstatements contained in Plaintiff's February 16, 2026 reply (Doc. 18). Defendants do not seek to expand briefing or reargue jurisdiction generally; the request is narrowly confined to correcting the record.

I. Limited Request for Leave to Correct Factual Misstatements

Plaintiff's February 16, 2026 submission asserts that Defendants' January 30, 2023 filing in state court "was not properly filed," that Defendants failed to pay a required motion fee, and that the filing was improperly submitted as an "Answer," resulting in it not being placed on the calendar and being rejected by Plaintiff via notice of rejection. (Doc. 18).

Defendants respectfully seek leave to submit limited documentary confirmation from the NYSCEF filing system demonstrating:

1. The January 30, 2023 filing was submitted through the electronic filing pathway available to pro se litigants;
2. No motion fee was requested by the NYSCEF system at the time of submission through that filing designation; and
3. Plaintiff's "notice of rejection" was a unilateral adversarial filing and not a judicial determination on the merits.

Defendants submit that these clarifications are necessary solely to ensure the Court has an accurate understanding of the procedural history referenced in Plaintiff's reply.

Defendants further seek leave, if permitted, to attach limited docket excerpts reflecting the existence of prior related foreclosure actions referenced in Defendants' earlier submission, including the 2021 action filed during an automatic bankruptcy stay and the discontinuance order containing disputed "deceleration" language later relied upon in the 2022 filing.

Defendants respectfully request that any permitted sur-reply be limited to three (3) pages with attached exhibits and filed within seven (7) days of any order granting leave, or within such timeframe as the Court directs.

II. In the Alternative: Notice Preserving Objections

In the event the Court declines to grant leave for further submission, Defendants respectfully preserve the following objections for the record:

1. Defendants dispute Plaintiff's characterization that the January 30, 2023 filing was procedurally defective due to nonpayment of a fee and preserve their position that the filing was submitted through NYSCEF as available to pro se litigants without any fee request generated at the time of submission.
2. Defendants further preserve their position that Plaintiff's unilateral notice of rejection did not constitute a judicial adjudication of the dispositive issues raised, including statute of limitations and standing arguments.
3. Defendants also preserve their prior correction of Plaintiff's background narrative to reflect the existence of earlier related foreclosure actions and the procedural sequence surrounding the 2021 action and subsequent filings.

Defendants submit this preservation solely to ensure that the procedural record accurately reflects their position without seeking to expand the scope of briefing before this Court.

Defendants respectfully maintain that removal is timely under 28 U.S.C. § 1446(b)(3) because the jurisdictional grounds asserted arise from post-remand enforcement conduct and federal procedural implications that were not previously adjudicated.

Defendants respectfully submit that this request is made in good faith and for the limited purpose of clarifying the record.

Respectfully submitted,

                                          Respectfully submitted,
                                          */s/ Carmine P. Amelio*
                                          Carmine P. Amelio, *Defendant Pro Se*

                                          */s/ Paul* Amelio
                                          Paul Amelio

                                          */s/ Alfonso Amelio*
                                          Alfonso Amelio

CC:
Henry P. DiStefano, Esq., Juliana Thibaut, Esq., Sean Monahan, Esq.
FRIEDMAN VARTOLO LLP
1325 Franklin Avenue, Suite 160
Garden City, New York 11530