UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK TRUST NATIONAL ASSOCIATION
AS TRUSTEE OF TIKI SERIES V TRUST,

*Plaintiff*,

v.

ALFONSO AMELIO; CARMINE AMELIO; PAUL AMELIO; DEBORAH J. PIAZZA, AS CHAPTER 7 TRUSTEE OF UNITED STATES BANKRUPTCY COURT; ROBERTA PERRY S/H/A JANE DOE #1

*Defendant*.

No. 25-CV-10739 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Defendants Carmine Amelio ("Carmine"), Alfonso Amelio ("Alfonso"), and Paul Amelio ("Paul") (collectively the "Amelio Defendants"), appearing pro se, removed the above-captioned Action from New York Supreme Court, Orange County to this Court on December 23, 2025. (*See* Not. of Removal (Dkt. No. 1).)[1] On January 8, 2026, the Court issued an Order to Show Cause no later than January 16, 2026, as to the Amelio Defendants' case should not be remanded to state court for defective removal and lack of subject matter jurisdiction. (*See* Order to Show Cause (Dkt. No. 6).) *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that 28 U.S.C. § 1447(c) authorizes remand for either procedural

[1] The Court notes that although the removal notice and response to order to show cause purport to be brought by the Amelio Defendants together, they are only signed by Carmine. (*See* Not. of Removal 7; Resp. to Order to Show Cause 6.) However, each pro se party must sign legal filings on behalf of himself because a pro se litigant cannot represent anyone else's interests. *See Mongiello v. Indymac Bank*, *F.S.B.*, No. 24-CV-2290, 2025 WL 2959016, at *2 (S.D.N.Y. Oct. 17, 2025) (collecting cases).

defect asserted within 30 days of the filing of notice of removal or lack of subject matter jurisdiction).

On January 16, 2026, the Amelio Defendants responded to the Order to Show Cause. (*See* Defs.' Resp. to Order to Show Cause ("OSC Resp.") (Dkt. No. 7).) On January 21, 2026, Plaintiff filed a letter motion to remand the Action to state court. (*See* Pl.'s Letter Mot. to Remand ("Remand Mot.") (Dkt. No. 8).) On January 27, 2026, the Amelio Defendants responded. (*See* Defs.' Letter Resp. to Letter Mot. to Remand ("Remand Resp.") (Dkt. No. 12).) On February 16, 2026, Plaintiff replied. (*See* Pl.'s Reply in Supp. of Letter Mot. to Remand ("Remand Reply") (Dkt. No. 18).)

## I. Motion for Remand

This is the third attempt by the Amelio Defendants to remove substantially similar actions from New York Supreme Court, both of which have been remanded for defective removal and lack of subject matter jurisdiction. (*See* Order (Dkt. No. 7, 24-CV-5615 Dkt.) (remanding for failure to provide written consent to removal from the other Defendants); Order (Dkt. No. 4, 25- CV-10022 Dkt.) (remanding for failure to provide written consent to removal from other Defendants and lack of jurisdiction).)

Neither the Amelio Defendants' Response to the Order to Show Cause nor their response to Plaintiff's Motion to Remand cures these issues. The Amelio Defendants' papers provide no indication that Defendants Deborah J. Piazza or Roberta Perry consented to the removal beyond the conclusory assertion that "all Defendants joined in removal." (*See* Not. of Removal at 1 (asserting that "Defendants Carmine Amelio, Alfonso Amelio, and Paul Amelio. . . hereby remove this action"); OSC Resp. at 1 (asserting that "Defendants Carmine Amelio, Alfonso

Amelio, and Paul Amelio . . . respectfully submit this response"); Remand Resp. at 1 (substantially same).) As previously noted by the Court, 28 U.S.C. Section 1446(b)(2)(A) requires *all* Defendants to consent to removal. (*See* Order to Show Cause 2). Thus, removal here is defective. *See Allen v. Patki*, 207 F. Supp. 2d 126, 127 (S.D.N.Y. 2002) (finding removal defective because not all defendants consented to it and remanding the action to state court).

Further, the Amelio Defendants fail to establish the Court's original jurisdiction over the Action. "A defendant in a state court action may remove a matter to federal district court only if the district court has original jurisdiction over the action." *ACS v. Malek*, No. 20-CV-7623, 2020 WL 6748476, at *3 (S.D.N.Y. Oct. 7, 2020) (citing 28 U.S.C. §1441(a)). This Court lacks diversity jurisdiction because an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, the Notice of Removal expressly states that Defendants Carmine Amelio, Alfonso Amelio, Paul Amelio, Roberta Perry, and Deborah J. Piazza are citizens of New York, (see Not. of Removal 2), and this Action originated in New York state court.

Absent diversity of citizenship, federal question for removal "exists only when a federal question is presented on the face of the plaintiff's properly plead complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In the Amelio Defendants' papers, they assert that federal question jurisdiction exists because of "due process deprivations, civil rights violations, and fraud implicating federal oversight." (Not. of Removal 4; *see also* OSC Resp. 2 (noting that

"the validity of Plaintiff's claim necessarily depends on . . . federal questions, including: Fourteenth Amendment due process; [e]qual protection violations; . . . [d]eprivation of property without constitutionally adequate process; Americans with Disabilities Act violations;…[and] [c]ivil rights violations actionable under 42 U.S.C. § 1983); Remand Resp. 3 ("Defendants' removal is . . . based on . . . whether a state court may enforce a judgment arising from a time-barred, fraudulently revived claim without adjudicating federal constitutional defenses").

A defendant cannot establish federal question jurisdiction by merely alleging that a state court has violated his federal civil rights. *See ACS*, 2020 WL 6748476, at *3 (remanding to state court because the defendant's "broad conclusory allegations . . . that his federal constitutional rights are being violated are insufficient to demonstrate the existence of a federal question"); *Grohs v. Grohs*, No. 17-CV-1605, 2017 WL 5171845, at *3 (D. Conn. Nov. 8, 2017) ("Ms. Grohs cannot remove a [state court action] to [federal] court simply by alleging that the state court has violated her federal civil rights."). The Amelio Defendants have identified no aspects of the complaint presenting a federal question. Despite their attempt to characterize the removal as "not based on defenses," they merely rephrase the issue as whether the state court need "adjudicate[e] federal constitutional defenses." (Resp. to Remand 3.) This attempted sleight-of-hand fails to conceal the fact that the removal is, in fact, solely based on constitutional defenses. The Amelio Defendants "assertion of a defense arising under U.S. Constitution does not provide a basis for removal." *Watson v. Serrano*, No. 25-CV-9873, 2026 WL 396080, at *2 (S.D.N.Y. Feb. 12, 2026); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (holding that a federal law defense or counterclaim is not a proper foundation for removal of a case from state to federal court); *City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004)

(holding that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach"). Accordingly, the Amelio Defendants have failed to establish that the Court has original jurisdiction over this Action, making removal improper.

## II. Attorney's Fees

Plaintiff also seeks costs and attorney fees incurred as a result of the Amelio Defendant's improper removal of this action. Under 28 U.S.C. § 1447(c), a district court remanding an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacks an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Amelio Defendants' three attempts at removal have suffered from substantially similar defects, "courts generally decline to award costs and fees against pro se defendants under Section 1447(c)." *U.S. Bank Nat'l Ass'n v. O'Hara*, No. 24-CV-8459, 2025 WL 358419, at *2 (S.D.N.Y. Jan. 31, 2025). *See also Bleiberg v. Altvater*, No. 01 CIV. 11507, 2002 WL 1339097, at *2 (S.D.N.Y. June 19, 2002) ("I decline to find [attorney fees and costs warranted], although perhaps only in light of the defendant's pro se status.") (emphasis omitted). The Court thus exercises the "great deal of discretion and flexibility" afforded it in "fashioning awards of costs and fees" and declines to find that such an award is warranted here. *See Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir.1992). However, the Court cautions the Amelio Defendants that should they continue to frivolously attempt to remove this Action "in bad faith, vexatiously, wantonly, or for oppressive

reasons," they may be subject to sanctions pursuant to this Court's inherent authority. *See Weiss v. Yotta Techs.*, No. 22-CV-8569, 2024 WL 4285849, at *4–5 (S.D.N.Y. Sept. 25, 2024).

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is granted as to its request for a demand and denied as to its request for attorney's fees. The Clerk of the Court is respectfully directed to close the pending motions at Dkt. Nos. 8 and 21, remand this Action, close this case, and mail a copy of this Order to Defendants.

SO ORDERED.

DATED: September 22, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE